UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00172-SEB-MJD-02 |
| | ) | |
| JOHN CARMICHAEL | ) | |
| a/k/a BOOGER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS (DKTS. 84, 85, 86, 87, 88, 89, 114, 145, 146, 147, 149, 151, 152)**

On August 16, 2016, the Grand Jury charged defendant John A. Carmichael ("Carmichael") with one count of conspiracy to possess with intent to distribute or to distribute methamphetamine ("Count 1"), one count of attempted possession with intent to distribute methamphetamine ("Count 3"), and one count of felon in possession of a firearm ("Count 4"). Dkt. 33.

Now before the Court are five groups of pretrial motions filed by Carmichael, to wit: motions *in limine* (Dkts. 84, 114, 147, 152); motions to suppress and to dismiss the indictment (Dkts. 85, 86); motions to compel discovery and disclosure (Dkts. 87, 88, 89); motions to bifurcate or sever (Dkts. 145, 149); and motions for a telephonic pretrial conference (Dkts. 146, 151). These filings are now fully briefed. Dkts. 119 (responding to Dkts. 84, 85, 86, 87, 88, 89, 114), 156 (responding to Dkts. 145, 146, 147, 149, 151, 152).

Rulings on each of Carmichael's motions and reasons supporting them are set forth below, but, in substance, Carmichael's motions are little more than abstracted,

1

generalized requests for judicial orders requiring that the government follow the law. The government, unsurprisingly, indicates that it intends to and will follow the law. As there is little more to be said on these matters at this juncture, Carmichael has little to show in the way of his entitlement to specific relief.

## Analysis

### I. Motions *in Limine*

On a motion *in limine*,

> [t]he movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.
>
> A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

2

*Leger v. Spiller*, No. 3:15-CV-80, 2017 WL 5194871, at *1 (S.D. Ill. Nov. 9, 2017). We address each of Carmichael's motions *in limine* in light of the above principles.

    *A. First Motion (Dkt. 84 Mot. 1)*

Carmichael seeks exclusion of "any information concerning [his] prior convictions or arrests not resulting in convictions, without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 84 Mot. 1, at 1. The government does not object to Carmichael's request except to the extent that proof of a prior felony conviction is required to prove Count 4, felon in possession. The government indicates that its objection will be answered by Carmichael's stipulation to a qualifying felony conviction. *See Old Chief v. United States*, 519 U.S. 172, 174 (1997) ("[A] district court abuses its discretion if it spurns [or permits the government to spurn] . . . an offer [of stipulation by defendant] and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations,[1] and when [as here] the purpose of the evidence is solely to prove the element of prior conviction.").

Accordingly, to the extent it is not objected to by the government, Carmichael's First Motion *in Limine* is GRANTED. To the extent that a prior felony conviction is an element of a charged offense, the First Motion *in Limine* is DENIED. Carmichael may avoid the danger of unfair prejudice arising from proof of such element by his stipulation.

    *B. Second Motion (Dkt. 84 Mot. 2)*

---

[1] One of the prior convictions charged in Count 4 of the indictment was for possession of a controlled substance. Dkt. 33, at 5.

Carmichael seeks exclusion of "any information concerning instances of uncharged misconduct by [him], or any uncharged misconduct by third parties in [his] presence . . . , without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 84 Mot. 2, at 1. The government objects to this request as vague and overbroad. We agree. For example, Carmichael's request is broad enough to encompass surely otherwise admissible evidence necessary to establish the context of Carmichael's alleged lawbreaking and the government's investigation into it. *See Old Chief*, 519 U.S. at 187–89 (discussing proponent's interest in evidentiary richness and narrative integrity in balance of Fed. R. Evid. 403). The concerns raised by Carmichael's Second Motion are governed generally by Rules 403 and 404(b), Fed. R. Evid. Therefore, if the government intends to proffer any 404(b) evidence that might be offensive to those rules at trial, that evidence should be disclosed *in camera* in advance to allow Carmichael to be heard and a ruling made on admissibility.

Accordingly, Carmichael's Second Motion *in Limine* is DENIED to the extent it seeks exclusion of evidence and GRANTED to the extent it seeks prior *in camera* disclosure of 404(b) evidence.

*C. Third Motion (Dkt. 84 Mot. 3)*

Carmichael seeks exclusion of "any comment about [defense counsel's] status as a court appointed attorney or CJA appointed attorney, without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 84 Mot. 3, at 1. The government does not object.

Accordingly, Carmichael's Third Motion *in Limine* is GRANTED.

*D. Fourth Motion (Dkt. 84 Mot. 4)*

Carmichael seeks exclusion of any mention of "the defense not entering into a stipulation" and any request of "defense counsel to stipulate to a case fact in the presence of the jury, without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 84 Mot. 4, at 1. The government does not object.

Accordingly, Carmichael's Fourth Motion *in Limine* is GRANTED.

*E. Fifth Motion (Dkt. 84 Mot. 5)*

Carmichael seeks exclusion of "any information concerning [his] criminal history without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 84 Mot. 5, at 1. As with his First Motion, the government does not object to Carmichael's request except to the extent that proof of a prior felony conviction is required to prove Count 4, felon in possession, and the government again indicates that its objection will be answered by Carmichael's stipulation to a qualifying felony conviction.

Accordingly, to the extent it is not objected to by the government, Carmichael's Fifth Motion *in Limine* is GRANTED. To the extent that a prior felony conviction is an element of a charged offense, the Fifth Motion *in Limine* is DENIED. Carmichael may avoid the danger of unfair prejudice arising from proof of such element by his stipulation.

*F. Sixth Motion (Dkt. 84 Mot. 6)*

Carmichael seeks exclusion of "any comment about any alleged alias names for [him], including but not limited to the alias of 'Booger,' without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 84 Mot. 6, at 1. The

government appears to have no evidentiary need for the alias and objects to Carmichael's request only to the extent that "Booger" is named in the caption of the indictment, which the government expects to read to the jury. The government indicates it is willing to stipulate to removal of the alias from the indictment.

Accordingly, Carmichael's Sixth Motion *in Limine* is GRANTED. The government is ORDERED to file, before trial, a redacted indictment striking the alias from the caption.

*G. Seventh Motion (Dkt. 114 Mot. 1)*

Carmichael seeks exclusion of "any comment about Competency Evaluation and Notice of Insanity Defense [Dkts. 81, 83], or the August 14, 2017 Sealed Mental Health Evaluation [Dkts. 108, 109, 110] . . . without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 114 Mot. 1, at 1–2. The government objects only to the extent Carmichael himself opens the door to evidence of his mental health and competency and such evidence becomes relevant for impeachment or rebuttal. But the government agrees that, even in such case, it will first seek a ruling from the Court outside the presence of the jury before offering the evidence.

Accordingly, Carmichael's Seventh Motion *in Limine* is GRANTED.

*H. Eighth Motion (Dkt. 147 Mot. 1, as amended, Dkt. 152 Mot. 1)*

Carmichael seeks exclusion of "any comment about 'drug courier profiles,' the practices of drug traffickers, and/or other characteristics of [his] which approach being no more than opinions about [his] guilt, without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 152 Mot. 1, at 1–2. The government indicates

that it will not elicit unadorned opinions about Carmichael's guilt, but argues that it must be permitted to introduce evidence of whether "the amount of drugs attributable to [Carmichael] is consistent with the intent to distribute as opposed to mere personal use." Dkt. 156, at 3.

Carmichael essentially seeks exclusion *ex ante* of evidence that is substantially more prejudicial than probative. That question is governed generally by Rule 403, Fed. R. Evid., and will be dealt with as it arises during trial. Carmichael's Eighth Motion *in Limine* is DENIED.

### I. Ninth Motion (Dkt. 147 Mot. 2, as amended, Dkt. 152 Mot. 2)

Carmichael seeks exclusion of "any testimony by law enforcement 'experts'—or other unusual [*sic*] experts—on the ground that it fails to satisfy the test for admissibility of expert testimony established by the Supreme Court in *Daubert v. Merrell Dow Pharm[s]., Inc.*, 509 U.S. 579 (1993)[,] without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 152 Mot. 2, at 1–2.

Similar to his Eighth Motion, Carmichael essentially seeks exclusion *ex ante* of all expert evidence that does not satisfy Rule 702, Fed. R. Evid. Lacking specific objections to specific evidence, problems of expert testimony must be dealt with as they arise during trial. Carmichael's Ninth Motion *in Limine* is DENIED.

### J. Tenth Motion (Dkt. 147 Mot. 3, as amended, Dkt. 152 Mot. 3)

Carmichael seeks exclusion of "any comment pertaining to evidence of [his] demeanor, such as nervousness[,] . . . without [prior] permission of the Court outside the presence and hearing of the jury[.]" Dkt. 152 Mot. 3, at 1–2. It is unclear whether

7

Carmichael means his demeanor at trial or during the investigation. In any event, neither is *per se* improper, subject to the usual considerations of relevance and prejudice.

Accordingly, Carmichael's Tenth Motion is DENIED.

## II. Motions to Suppress and to Dismiss

Carmichael has filed a *Motion to Suppress and Bar Testimony Pursuant to 18 U.S.C. Section 201(c)*, Dkt. 85, and a *Combined Motion to Suppress and Motion to Dismiss*. Dkt. 86.

*A. Motion to Suppress and Bar Testimony (Dkt. 85)*

Carmichael believes that the government is "promising unnamed persons substantial benefit in exchange for testimony" against him, including "declining to file charges, agreeing to forego a death penalty, monetary payments, placement into protection programs, substantial reduction in the sentences to be imposed, [and] deportation [*sic*][,]" Dkt. 85, at 1, which Carmichael asserts violates the federal criminal bribery statute. 18 U.S.C. § 201(c)(2) ("Whoever . . . promises anything of value to any person, for or because of the testimony . . . to be given by such person a witness upon a trial . . . shall be fined under this title or imprisoned for not more than two years, or both."). Admission of such "illegally procured" evidence, Carmichael maintains, would violate his right to a fair trial. Dkt. 85, at 1.

The Seventh Circuit has consistently rejected Carmichael's position for no fewer than forty-four years. *United States v. Condon*, 170 F.3d 687, 688 (7th Cir. 1999) (citing *United States v. Barrett*, 505 F.2d 1091, 1100–03 (7th Cir. 1974)); *Cooper v. United States*, No. 09-162, 2012 WL 996947, at *16 (S.D. Ill. Mar. 23, 2012) (citing *Condon*,

8

170 F.3d at 688–89). "[T]reating immunity from prosecution (or a prosecutorial promise that would lead to a lower sentence) as a 'thing of value' would put § 202(c)(2) at war with a long history of lawful inducements to testify[.]" *Condon*, 170 F.3d at 689 (discussing statutory and historical evidence).

*Condon* distinguished historically lawful inducements to testify from cash payments in exchange for testimony, "a practice that lacks . . . statutory and historical support . . . ." *Id.* Here, Carmichael alleges that the government has made "monetary payments" to "unnamed persons . . . in exchange for testimony[,]" Dkt. 85, at 1, but supplies no further detail, including any evidence in support of this allegation or any basis for his own belief. Accordingly, we find this conclusory statement unpersuasive and not a basis for suppression—assuming that an actual violation of Section 201(c)(2)[2] *could* justify suppression. *But see Condon*, 170 F.3d at 689 ("Section 201(c)(2) is a criminal statute, not a private right of action or a rule of evidence.").

Carmichael's *Motion to Suppress and Bar Testimony* is therefore DENIED.

B. *Combined Motion to Suppress and Motion to Dismiss (Dkt. 86)*

Carmichael's *Combined Motion* seeks suppression of "all evidence gathered by the government resulting from its arranged and pursued controlled delivery of methamphetamine and look-alike-packing parcels that have given rise to the charges against him" because the government "lacked probable cause to arrange and pursue

---

[2] We note that cash payments made in the course of an authorized investigative act (a controlled drug purchase, for example) would fall outside the statute for a different reason. *See Condon*, 170 F.3d at 690.

9

[such] controlled delivery . . . ." Dkt. 86, at 2–3. This argument is wholly meritless. No probable cause was required because no Fourth Amendment event—neither search nor seizure—occurred when the government planned and executed the controlled delivery. The only search and seizure of Carmichael in this case occurred *after* he attempted to receive the controlled delivery, by which time not even Carmichael disputes that the government had probable cause to arrest him. (It appears that Carmichael's home was then searched with his consent.)

Carmichael's *Combined Motion* also seeks dismissal of the indictment because "he is being denied information about and access to transactional witnesses relied on the government in their investigation of this case." Dkt. 86, at 2. In support of this position, Carmichael invokes *Washington v. Texas*, 388 U.S. 14 (1967). That case has no application here. *Washington* held that the defendant "was denied his right to have compulsory process for obtaining witnesses in his favor because the State arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable" of presenting exculpatory testimony, *Malinowski v. Smith*, 509 F.3d 328, 336 (7th Cir. 2007) (quoting *Washington*, 388 U.S. at 23), in favor of a state evidentiary rule that "did not advance a legitimate interest of the state." *Id.* at 336–337 (citing *Washington*, 388 U.S. at 22–23). No such exclusion is contemplated, or alleged to be contemplated, here.

To be sure, the government enjoys only "a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S.

53, 60 (1957)). But even this limited privilege yields only "once the defendant proves that the disclosure of the informant's identity 'is relevant and helpful' to his defense 'or is essential to a fair determination of a cause.'" *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993) (quoting *Roviaro*, 353 U.S. at 60–61). Carmichael has not carried that burden here. Indeed, Carmichael does not even seriously allege that the government is withholding the identities of witnesses against him: in his brief, Carmichael *names* those very witnesses. Dkt. 86 Ex. 1, at 8–9. Carmichael accordingly may compel their testimony at trial. *Bender*, 5 F.3d at 270 (citing Fed. R. Crim. P. 17(a)). Carmichael alludes to "perhaps other[]" unknown witnesses relied on by the government, *id.* at 8, but this is insufficient. "The confidential informant privilege 'will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful.'" *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994) (quoting *Dole v. Local 1942, IBEW*, 870 F.2d 368, 373 (7th Cir. 1989)).

To the extent that Carmichael simply seeks access to the *Brady*, *Giglio*, and *Jencks* material to which he entitled, and to the extent that such material has not already been produced by the government under Rule 16, Fed. R. Crim. P., the government "intends to disclose the identities of all its trial witnesses" as well as all "relevant or impeaching information pertaining to all anticipated witnesses" prior to trial. Dkt. 119, at 10–11.

Carmichael has not made any showing of error, still less of such error as would justify the extremest sanction of dismissal. Accordingly, Carmichael's *Combined Motion* is DENIED.

### III. Motions to Compel Discovery and Disclosure

Carmichael has filed motions to compel the production of *Brady*, *Giglio*, and *Jencks* material, Dkts. 87, 88, as well as "a summary of all evidence which it intends to offer under Federal Rules of Evidence 404(b) and 609." Dkt. 89. Carmichael frames his requests in the broadest, most general terms, without argument, perhaps forgetting that "[t]here is no constitutional right to pretrial discovery." *United States v. Higgins*, 75 F.3d 332, 335 (7th Cir. 1996). The government responds in kind that, prior to trial, it will produce such *Brady*, *Giglio*, and *Jencks* material as will satisfy its obligations under those decisions and that statute "no later than 14 days prior to trial[,]" as well as explanations or summaries of evidence it intends to offer under Rules 404(b) and 609, Fed. R. Evid., "not less than thirty days prior to trial . . . ." Dkt. 119, at 14.

Carmichael has made no showing that he is entitled to particular disclosures beyond what the government has already produced or intends to produce prior to trial. As to that material not yet produced, these are routine disclosures which the government represents it intends to make in a timely fashion. We rely upon that representation. Accordingly, Carmichael's motions to compel discovery and disclosure are DENIED.

## IV. Motions to Bifurcate or Sever

Carmichael seeks either severance or bifurcation of Count 4 from Counts 1 and 3, solely on the basis of the prejudice he anticipates proof of a prior felony conviction on Count 4 will occasion. *See* Fed. R. Crim. P. 14(a) (court may sever or provide other relief if trial on joined offenses "appears to prejudice a defendant"); *United States v. Alviar*, 573 F.3d 526, 545 (7th Cir. 2009) (bifurcation within district court's discretion); *United States v. Rollins*, 301 F.3d 511, 517–18 (7th Cir. 2002) (severance within district court's

discretion; requires balancing cost of multiple trials against possible prejudice of single trial).

We conclude that neither bifurcation nor severance is appropriate here. First, any potential prejudice to Carmichael appears negligible. In the indictment, the Grand Jury charges three state felony convictions: two for resisting arrest, one for drug possession. The two charged convictions for resisting are wholly unrelated to the facts of this case. *See Old Chief v. United States*, 519 U.S. 172, 185 (1997) (prejudice from proof of prior conviction depends on similarity to charged offense). Keeping in mind that, under Rule 403, Fed. R. Evid., the probative value of proffered evidence at trial will be evaluated in the total evidentiary context and in comparison with actually available evidentiary substitutes, *id.* at 182–85, we find the danger of unfair prejudice to a fair determination of Carmichael's guilt or innocence on Counts 1 and 3 arising from proof of Count 4 to be low. Moreover, what danger there is may be mitigated even further by Carmichael's stipulation to a qualifying conviction, as noted twice above.

Second, the costs in terms of time and personnel and resources of trying the charged offenses separately, whether in separate phases of the same trial or separate trials, are high. The government indicates that, no matter whether the charged offenses are tried jointly, it anticipates "offering direct evidence at trial of [Carmichael's] possession of the same firearm alleged in Count 4," Dkt. 156, at 2, in relation to the drug crimes charged in Count 1 and Count 3, on the theory, accepted in this and other circuits, that "firearms are tools of the drug trade . . . ." *Id.* Accordingly, even a bifurcated proceeding will involve evidentiary overlaps and repetitious proof of Carmichael's

possession of the gun. *See United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994) (distinguishing joinder of offenses based solely on same or similar character, where risk of unfairness higher and saving of trial time lower, from, as here, joinder of offenses based on same or closely connected act or transaction).

Accordingly, Carmichael's motion to bifurcate or sever Counts 1 and 3 from Count 4 is DENIED.

## V. Motions for a Telephonic Pretrial Conference

Finally, Carmichael requests a "brief telephonic pretrial conference" so that defense counsel may familiarize himself with the procedural technicalities of courtroom practice before the undersigned judge. Dkt. 146, *as amended*, Dkt. 151, at 1. While counsel's diligence in preparing himself for trial is praiseworthy, such information is available in other ways without imposing on the Court's, and opposing counsel's, time. We are informed in any event that counsel has already contacted the undersigned judge's courtroom deputy for guidance.

Accordingly, Carmichael's motion for a telephonic pretrial conference is DENIED.

## **Conclusion**

For the reasons above, Carmichael's First Motion *in Limine* is GRANTED to the extent not objected to, and DENIED to the extent objected to; his Second Motion is GRANTED to extent it seeks prior disclosure, and DENIED to the extent it seeks exclusion; his Third Motion is GRANTED; his Fourth Motion is GRANTED; his Fifth Motion is GRANTED to the extent not objected to, and DENIED to the extent objected

to; his Sixth Motion is GRANTED and the government is ORDERED to file prior to trial an redacted indictment striking the alias; his Seventh Motion is GRANTED; his Eighth Motion is DENIED; his Ninth Motion is DENIED; his Tenth Motion is DENIED.

Carmichael's motions to suppress and dismiss are DENIED; his motions are to compel discovery and disclosure are DENIED; his motions to bifurcate or sever are DENIED; his motion for a telephonic pretrial conference is DENIED.

IT IS SO ORDERED.

Date: 3/2/2018

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Howard N. Bernstein
THE LAW OFFICE OF HOWARD N. BERNSTEIN, LLC
hbernstein210@comcast.net

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov